## 7635

## HARRIS v. HARRIS.

REAL PROPERTY—SALE AND REINVESTMENT—JURISDICTION.—The Court of Common Pleas has power to order a sale of specific property held under trust or direct limitation vested or contingent and a reinvestment of the proceeds of sale. This power should be exercised with great caution after careful investigation, which was done in this case.

Before GARY, J., Abbeville, June, 1910. Affirmed.

Action by Annie C. Harris, executrix, *et al.* against William Wallace Harris *et al.* From Circuit decree, defendants appeal.

*Mr. Frank B. Gary,* for appellant; no citations.

*Mr. Wm. P. Greene,* contra: *Power of Court to order sale:* 3 Rich. Eq., 1; 18 S. C., 78; 22 S. C., 422; 33 S. C., 302.

July 21, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. By his will John A. Harris, late of the County of Abbeville, devised certain of his real estate to his wife for life, directing his executors at her death to sell it and divide the proceeds among his children. He provided that all his other lands should be kept together, his executors to collect the rents and profits, and divide among his wife and children until the youngest child should reach majority, and that then the executors should sell the land and divide the proceeds among his wife and children.

This action was brought by the widow, as executrix, and in her own right, and J. C. Harris, as executor, against the children of the testator to have a lot of land sold by order of the Court, and the proceeds of sale reinvested. The Cir-

cuit Court ordered the sale. and reinvestment, and t he defendants appeal on the grounds: (1) That the Court had no power to make an order which would in any wise disarrange the testator's scheme with respect to the property, as expressed in his will; and (2), that even if the Court possessed such power it was in this case improperly exercised.

There can be no doubt of the power of the Court of Common Pleas to order a sale of specific property held either under a trust or under a direct limitation vested or contingent, and a reinvestment of the proceeds of sale. *Bofil* v. *Fisher,* 3 Rich. Eq., 1; *DeLeon* v. *Barrett,* 22 S. C., 412; *Powers* v. *Bullwinkle,* 33 S. C., 293, 11 S. E., 971. Such power, it is true, should be exercised with great caution, and after careful investigation by the Court, for in such matters the interests of remaindermen, especially infants, may be readily sacrificed and the Court imposed upon by intentional wrong or negligence of guardians *ad litem* or other persons. In this case examination of the record shows the utmost good faith, careful investigation by the Court and conclusive proof that the change of investment would be of great advantage to all the parties concerned, including the minor children.

· It is the judgment of this Court that the judgment of the Circuit Court be affirmed. ·